[Cite as *Smith v. Ohio Dept. of Transp.*, 2010-Ohio-5584.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

DAVID L. SMITH

> Plaintiff

> v.

OHIO DEPARTMENT OF TRANSPORTATION

> Defendant

> Case No. 2010-06575-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

{¶ 1} Plaintiff, David Smith, filed this action against defendant, Department of Transportation (ODOT), contending that his 2004 Pontiac Grand Prix was damaged as a proximate cause of negligence on the part of ODOT personnel in maintaining hazardous roadway conditions on Interstate 675 in Greene County. Plaintiff recalled the windshield on his car was broken on three separate occasions (May 2008, January 12, 2009 and February 15, 2010) while traveling on Interstate 675. Plaintiff further recalled two of his property damage events occurred "while traveling north on 675 just south of (the State Route) 235 connection" and the third damage incident occurred when plaintiff "was traveling south on 675, just south of the 235 connection." According to plaintiff, all damage incidents occurred when passing motorists "picked up stones from (the) highway and sent them flying in my direction just to bounce off my windshield leaving it with damage." Plaintiff claimed the damage-causing debris that broke his windshields was actually deteriorated roadway pavement. Plaintiff related "the pavement on I-675 on either side of 235 has been left to deteriorate for the last 5-6 years." Plaintiff offered the following description of conditions on this particular section of Interstate 675 noting:

"[t]here are holes in the pavement between both north bound (and) both south bound lanes, some patching has been done but it has been breaking out just to become flying debris." In his complaint, plaintiff requested damage recovery in the amount of $300.00, his insurance coverage deductible he incurred to replace three automobile windshields. The filing fee was paid.

{¶ 2} Defendant conducted an investigation and determined that the damage-causing incident occurred at state milepost 22.90 on Interstate 675 in Greene County. Defendant related "ODOT did not have notice of the debris on I-675 prior to Plaintiff Smith's incident." Defendant stated "ODOT believes that the debris existed in that location for only a relatively short amount of time before plaintiff's incident." Defendant specifically denied that ODOT personnel had any knowledge of a debris condition at milepost 22.90 on Interstate 675 prior to the three described property damage occurrences. Defendant asserted plaintiff did not produce any evidence to establish the length of time the debris conditions were on the roadway prior to the three damage incidents. Defendant also asserted that plaintiff did not offer any evidence to show the damage-causing debris conditions were attributable to any conduct on the part of ODOT. Defendant's records (copies submitted) show ODOT did not receive any calls or complaints from any entity referencing debris on Interstate 675 at milepost 22.90.

{¶ 3} Additionally, defendant contended plaintiff did not prove his property damage was proximately caused by negligent roadway maintenance on the part of ODOT. Defendant pointed out the ODOT "Greene County Manager conducts roadway inspections on all state roadways within the county on a routine basis, at least one to two times a month." Apparently no debris was discovered at milepost 22.90 the last time that section of Interstate 675 was inspected prior to plaintiff's three incidents. The claim file is devoid of any inspection record. Defendant reviewed the ODOT "Maintenance Records" (copy submitted) for the specific area of Interstate 675 covering the time frame of plaintiff's incidents. Defendant's records show ODOT conducted forty litter pickup operations in the area during the period from May 1, 2008 to April 26, 2010. According to defendant "if ODOT personnel had found any debris it would have been picked up."

{¶ 4} Despite filing a response, plaintiff did not supply any evidence to establish the length of time the damage-causing debris conditions were on the roadway prior to

his property damage event. Plaintiff noted "[a]s far as I could tell, my windshields were broken by flying stones, which may have come from the broken up pavement between the two lanes." Plaintiff submitted photographs depicting the specific area of Interstate 675 near the State Route 235 exit, showing large sections where patching repairs have been made. Plaintiff related these photographs "show the poor condition of the pavement in either the north or southbound lanes."

{¶ 5} After reviewing the photographs, the trier of fact finds the roadway depicted appears to be in generally good condition with areas of repair not showing much if any deterioration. Some loose stone debris appears to be depicted on the roadway berm off the traveled portion of the roadway.

{¶ 6} For plaintiff to prevail on a claim of negligence, he must prove, by a preponderance of the evidence, that defendant owed him a duty, that it breached that duty, and that the breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes a basis for a choice among different possibilities as to any issue in the case he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed. This court, as trier of fact, determines questions of proximate causation. *Shinaver v. Szymanski* (1984), 14 Ohio St. 3d 51, 14 OBR 446, 471 N.E. 2d 477.

{¶ 7} Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864.

{¶ 8} In order to prove a breach of the duty to maintain the highways, plaintiff

must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise condition or defect alleged to have caused the accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice, but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179. However, proof of notice of a dangerous condition is not necessary when defendant actively causes such condition. See *Bello v. City of Cleveland* (1922), 106 Ohio St. 94, 138 N.E. 526, at paragraph one of the syllabus; *Sexton v. Ohio Department of Transportation* (1996), 94-13861. Plaintiff has failed to produce any evidence to prove that his property damage was caused by a defective condition created by ODOT or that defendant knew about the particular debris conditions prior to his property damage occurrences.

{¶ 9} Ordinarily, to recover in any suit involving injury proximately caused by roadway conditions including debris, plaintiff must prove that either: 1) defendant had actual or constructive notice of the debris condition and failed to respond in a reasonable time or responded in a negligent manner, or 2) that defendant, in a general sense, maintains its highways negligently. *Denis v. Department of Transportation* (1976), 75-0287-AD. Plaintiff has not provided any evidence to prove ODOT had actual notice of the debris condition. Therefore, in order to recover plaintiff must offer proof of defendant's constructive notice of the condition as evidence to establish negligent maintenance.

{¶ 10} "[C]onstructive notice is that which the law regards as sufficient to give notice and is regarded as a substitute for actual notice or knowledge." *In re Estate of Fahle* (1950), 90 Ohio App. 195, 197-198, 48 O.O. 231, 105 N.E. 2d 429. "A finding of constructive notice is a determination the court must make on the facts of each case not simply by applying a pre-set time standard for the discovery of certain road hazards." *Bussard*, at 4. "Obviously, the requisite length of time sufficient to constitute constructive notice varies with each specific situation." *Danko v. Ohio Dept. of Transp.* (Feb. 4, 1993), Franklin App. 92AP-1183. In order for there to be a finding of constructive notice, plaintiff must prove, by a preponderance of the evidence, that sufficient time has elapsed after the dangerous condition appears, so that under the circumstances defendant should have acquired knowledge of its existence. *Guiher v.*

*Dept. of Transportation* (1978), 78-0126-AD; *Gelarden v. Ohio Dept. of Transp., Dist. 4*, Ct. of Cl. No. 2007-02521-AD, 2007-Ohio-3047.

{¶ 11} Plaintiff has not produced any evidence to indicate the length of time that the debris condition was present on the roadway prior to the incident forming the basis of this claim. Additionally, the trier of fact is precluded from making an inference of defendant's constructive notice, unless evidence is presented in respect to the time that the debris condition appeared on the roadway. *Spires v. Ohio Highway Department* (1988), 61 Ohio Misc. 2d 262, 577 N.E. 2d 458. There is no indication that defendant had constructive notice of the debris.

{¶ 12} Evidence in the instant action tends to show plaintiff's damage was caused by acts of third parties not affiliated with ODOT. Defendant has denied liability based on the particular premise it had no duty to control the conduct of a third person except in cases where a special relationship exists between defendant and either plaintiff or the person whose conduct needs to be controlled. *Federal Steel & Wire Corp. v. Ruhlin Const. Co.* (1989), 45 Ohio St. 3d 171, 543 N.E. 2d 769. However, defendant may still bear liability if it can be established if some act or omission on the part of ODOT or its agents was the proximate cause of plaintiff's injury. Plaintiff has failed to prove, by a preponderance of the evidence, that defendant failed to discharge a duty owed to him, or that his injury was proximately caused by defendant's negligence. Plaintiff failed to show the damage-causing objects at the time of the damage incidents were connected to any conduct under the control of defendant or any negligence on the part of defendant or its agents. *Hall v. Ohio Dept. of Transp.* (2006), 2006-05730-AD.

{¶ 13} Plaintiff has not produced any evidence to infer that defendant, in a general sense, maintains its highways negligently or that defendant's acts caused the defective condition. *Herlihy v. Ohio Department of Transportation* (1999), 99-07011-AD. Defendant submitted evidence showing ODOT personnel were routinely performing work activities on the particular section of Interstate 675 where plaintiff's damage incidents occurred. Plaintiff has failed to provide sufficient evidence to prove defendant maintained a hazardous condition on the roadway which was the substantial or sole cause of his property damage. Plaintiff has failed to prove, by a preponderance of the evidence, that any ODOT roadway maintenance activity created a nuisance. Plaintiff has not submitted evidence to prove that a negligent act or omission on the part of

defendant caused the damage to his vehicle. *Hall v. Ohio Department of Transportation* (2000), 99-12963-AD.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

DAVID L. SMITH

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION

    Defendant

    Case No. 2010-06575-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

David L. Smith                          Jolene M. Molitoris, Director
4675 Steeplechase Drive                 Department of Transportation
Fairborn, Ohio  45324                   1980 West Broad Street
                                        Columbus, Ohio  43223

RDK/laa
7/15
Filed 7/28/10
Sent to S.C. reporter 11/15/10